UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

Eastern District of Kentucky
FILED
APR 28 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL NO. 06-14-DLB**

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　**Plaintiff**

v.

**DALE ROBERT MORRIS**　　　　　　　　　　　　　　　　　**Defendant**

### REPORT AND RECOMMENDATION

Defendant Dale Robert Morris, along with one co-defendant, is charged in a multi-count federal indictment with drug and weapons violations. He has moved to suppress "any and all evidence obtained from the search of the residence, surrounding building(s), and entire premises." (Doc. 21.) The United States filed a memorandum in opposition to the motion. (Doc. 27.) An evidentiary hearing was requested on one ground for the motion. An oral argument on the necessity of such a hearing was held on April 25, 2006. Defendant Morris was present and was represented by Thomas Goeke, Jr. The United States was represented by Assistant United States Attorney Anthony Bracke. Co-defendant Pickard was represented by David Fessler. Official Court Reporter Lisa Reed Wiesman recorded the proceedings. The matter has been referred to the undersigned for report and recommendation.

#### Factual Background

The relevant facts are all taken from the "Affidavit for Search Warrant" completed by Kentucky State Police Officer Carey Kitts. Doc. 22, Exh. A. On September 13, 2005 Officer Kitts

received information from an Alexandria Police Officer, Tim Vincent[1], that Vincent had observed marijuana growing in a front room of a trailer in Bracken County, Kentucky. A detailed description of the trailer was included in the affidavit, as it apparently had no street address. Vincent, an eight-year veteran and a K-9 officer, saw the marijuana because it appeared to be lit or illuminated by a light inside the residence. Vincent described the vehicles at the trailer and stated that a Dale Morris resided there. He also said that he had heard gunfire from the rear of the residence on a least one occasion.

Acting on that information, Kitts drove by the trailer himself. He confirmed the location and the description of both the trailer and the vehicles. He also identified a male subject on the premises, whom he recognized as Dale Morris from his driver's license photograph. Kitts averred that he "witnessed plant matter visible through a window (third from left) which was green in color." He also conducted a criminal history on Defendant Morris, learning that he is a convicted felon with an active warrant in the state of New Jersey.

On the basis of this information, Officer Kitts applied for and received a search warrant for the trailer, the premises, the vehicles, and the persons on the premises. In executing the search warrant, police seized marijuana plants, ammunition, a firearm, and other items.

## Analysis

Defendant argues two grounds in support of his motion: 1) the investigating officers intentionally omitted material facts from the affidavit; and, 2) the affidavit did not establish probable cause to issue a search warrant. Each of these arguments will be addressed in turn.

---

[1] The government's memorandum gives this officer's name as "Vinson." For the sake of clarity, the officer will be called by the name contained in the affidavit.

2

1) Omission of Material Fact

To be entitled to an evidentiary hearing on a claim that a search warrant contains false information, a defendant must first "point out specifically the portion of the warrant affidavit that is claimed to be false," with a supporting "offer of proof." *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). If the defendant makes that showing, the court must then set aside the allegedly false material and examine the affidavit to determine whether it still establishes probable cause; if so, no hearing is required. *Id.* Where an omission is involved, rather than a misstatement, the defendant must show "that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause." *Hale v. Kart*, 396 F.3d 721, 726 (6th Cir. 2005)(quoting *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998)(italics original)). In *Hale*, despite a deputy's omission of the facts that his informant had used prescription drugs illegally in the past, was angry at the accused, and had been drinking, the Sixth Circuit reversed the district court's judgment denying qualified immunity to that deputy, whose affidavit "provided the sole basis for the warrant." *Id.* at 725, 730.

The information that Kitts allegedly omitted from his affidavit is the fact that he could not verify that the plant he saw through the window was marijuana. However, the wording that he chose to describe what he saw – "plant matter" -- tells any reader that fact. Obviously, had he seen marijuana, he would have said so. Therefore, no critical fact was omitted. Rather, Kitts candidly admitted in his affidavit that he could not identify the plant. Therefore, Defendant Morris does not meet his burden on the first *Frank* prong. He has not identified any false statement or critical omission of fact, let alone provided any evidence that Officer Kitts intended to deceive the issuing judge.

3

Under normal circumstances, this finding would end the *Franks* inquiry. Without a showing of a falsehood, or critical omission with intent to deceive, no discussion of the second prong would be necessary. However, as the second ground argued in support of the motion is the lack of probable cause for issuance of the warrant, that topic will also be addressed.

2 Probable Cause for Warrant

With or without Officer Kitts' information, the affidavit establishes probable cause for the issuance of the search warrant. If an affidavit based upon an anonymous letter, only innocent details of which could be corroborated by police investigation, could provide probable cause for the issuance of a search warrant in *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983), then surely an affidavit based on the reported observations of an eight-year veteran of the police force could as well. Had Officer Kitts done no investigation of his own, the information supplied him by Officer Vincent, and included in the affidavit, was sufficient to meet the standard that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238.

No precedent was offered by Defendant in support of the proposition that the inability of Officer Kitts to verify Officer Vincent's identification of the marijuana somehow negated the probable cause provided by Vincent. The very nature of the second prong of the *Franks* analysis should establish that the proposition is faulty. Even if Officer Kitts had provided false information, the court is permitted to excise that information and examine the affidavit to determine whether it still establishes probable cause for issuance of the warrant. Common sense dictates then, that unanimity is not required among informants whose information is included in an affidavit.

Looking solely at the four corners of the affidavit itself, as the Court must, and excising the complained of matter provided by Officer Kitts, the information provided in the affidavit and

4

attributed to Officer Vincent is, standing alone, sufficient to establish probable cause: He saw marijuana.

## Conclusion

As Defendant Morris has not produced any evidence to satisfy either prong of the *Franks* test, no hearing is required. Further, as the probable cause determination must be made by looking only at the affidavit itself, and the affidavit clearly establishes probable cause, no hearing is required on the second ground. Defendant's contention that the affidavit failed to establish probable cause for the issuance of the search warrant is without merit. Therefore, IT IS RECOMMENDED that the "Motion to Suppress" [Doc. 21] be DENIED.

Particularized objections to this Report and Recommendation must be filed within ten days of the day of service or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). A party may file a response to another party's objections within ten days after being served with a copy of those objections. Fed. R. Crim. P. 59(b)(2).

Dated the _28_ day of April, 2006.

J. GREGORY WEHRMAN
UNITED STATES MAGISTRATE JUDGE

5