UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

**CRIMINAL ACTION NO. 06-14-DLB**

**UNITED STATES OF AMERICA**                                                                         **PLAINTIFF**

**VS.**                 **MEMORANDUM OPINION AND ORDER**

**ROBERT DALE MORRIS**                                                                 **DEFENDANT**

*******************************

**Introduction**

This matter is before the Court upon Defendant's motion to suppress evidence. (Doc. # 21). Within Defendant's motion was a request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The United States has filed a memorandum in opposition to the motion. (Doc. # 27). The motion was referred to Magistrate Judge J. Gregory Wehrman for the preparation of a Report and Recommendation. (Doc. # 25).

On April 25, 2006, an oral argument on the necessity of a *Franks* hearing was held before Magistrate Judge Wehrman. Defendant was present and was represented by Thomas Goeke, Jr. The United States was represented by Assistant United States Attorney Tony Bracke. Co-defendant Pickard was not present, but was represented by David Fessler. Official Court Reporter Lisa Wiesman recorded the proceedings. At the conclusion of the argument, this matter was taken under submission pending the filing of a Report and Recommendation.

**Report and Recommendation**

On April 28, 2006, Magistrate Judge Wehrman issued his Report and Recommendation (R&R) in which he recommended that the Court deny Defendant's motion to suppress. (Doc. # 31). More specifically, Magistrate Judge Wehrman concluded that Defendant failed to satisfy the two-prong test required to warrant a *Franks* hearing. In that regard, he concluded that the affiant, KSP Trooper Kitts, did not intentionally make a material misstatement or omit material facts from the search warrant affidavit. (*Id*. at 3) Even assuming that Defendant had satisfied the first prong of the two-part *Franks* test, because the personal observations of Officer Vincent established probable cause for the issuance of the warrant, no *Franks* hearing was warranted. (*Id*. at 4-5)

**Defendant's Objections to R&R**

On May 8, 2006, Defendant filed written objections to the R&R. (Doc. # 33) Defendant argues that he has satisfied the requirements for a *Franks* hearing because affiant failed to state in the affidavit that he did not observe, and could not confirm the presence of marijuana at the residence. (*Id*. at 2) In support of his objection, Defendant points to Trooper Kitts' sworn testimony in state court proceedings. Because Kitts failed to include that information in the search warrant affidavit, Defendant argues that Kitts intentionally omitted that information with reckless disregard for the truth.

Defendant also argues that because Kitts was unable to confirm the presence of marijuana during his drive-by of the residence, Officer Vincent's personal observation of marijuana within the residence less than one week earlier is negated. (*Id*. at 2-3) Defendant asserts that this negates probable cause. The United States has filed its response to Defendant's objection, arguing that the Magistrate Judge was correct and the

2

Court should adopt the Report and Recommendation. (Doc. # 34). Therefore, the motion is now ripe for review.

### Analysis

When objections are made to a Report and Recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed.R.Civ.P. 72(b) provides this standard of review, which states in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Having conducted a *de novo* review of the report and recommendation, the Court **overrules** the objections and **denies** Defendant's motion to suppress.

In *Franks v. Delaware*, the Supreme Court held that if a defendant makes a preliminary showing that a sworn affidavit to a search warrant includes a statement either knowingly or intentionally made, or made with reckless disregard for the truth, and the allegedly false statement is necessary for a finding of probable cause, then the Fourth Amendment requires that an evidentiary hearing be held. 438 U.S. 154, 155-56 (1978). The Court further stated that:

> [I]n the event that at that hearing the allegation of perjury or reckless disregard is established by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at 156.

Furthermore, with respect to omissions, the Sixth Circuit in *United States v. Atkin*

3

stated that:

> [A]lthough material omissions are not immune from inquiry under *Franks*, we have recognized that an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information. *United States v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990). This is so because an allegation of omission "potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit." *Id.* (quoting *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990)). If the defendant does succeed in making a preliminary showing that the government affiant engaged in "deliberate falsehood" or "reckless disregard for the truth" in omitting information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists. *United States v. Bonds*, 12 F.3d 540, 568 (6th Cir. 1993).

107 F.3d 1213, 1217 (6th Cir. 1997).

In this case, Magistrate Judge Wehrman correctly concluded that Trooper Kitts' averment that he "witnessed plant matter visible through a window (third from left) which was green in color"[1] was neither a material misstatement nor a material omission. Trooper

---

[1] The entire search warrant affidavit has been made part of the record as Doc. # 22. On page two, it provides:

Affiant has been an officer in the aforementioned agency for a period of 6 years and 2 months. The information and observations contained herein were received and made in his capacity as an officer thereof. On 09-13-05, at approximately 2:45 p.m., Affiant received information from Officer Tim Vincent of the Alexandria Police Department in Alexandria, Ky that at the above location he witnessed marijuana growing in a front room and was visible through a front window from the roadway in front of the residence. Vincent is an 8 year veteran of the Alexandria, KY Police Department and whose official capacity includes duties as a K-9 Officer with the department. Officer Vincent witnessed marijuana through the window on 09-07-05. The marijuana was visible as it was lit or illuminated by what appeared to be flourescent lighting inside the residence. Officer Vincent stated that there were two vehicles in front of the house. One of which was the white Ford passenger car and a tan or brownish primer colored pick-up truck. He further stated that there were tires on the roof of the trailer and there were several dogs which appeared to be pit bull dogs at or near the residence.

He stated that a Dale Morris resided at the residence. He further stated that on at least one other occasion he heard gun fire from the rear of the residence.

Acting on the information received, Affiant conducted the following independent investigation:

Kitts wrote exactly what he observed in the third window from the left, nothing more, nothing less.  In fact, Trooper Kitts' own observations corroborate, rather than negate, Officer Vincent's statement that he saw marijuana inside the residence less than one week earlier.

As a result, under no circumstances can that statement qualify as a material *misstatement* for purposes of *Franks v. Delaware*.  Moreover, although he did testify under oath in state court proceedings that he could not confirm that the green plant matter was marijuana, his failure to state that fact in the search warrant affidavit does not equate to a material *omission* under *Franks*.

Because Defendant has failed to make a preliminary showing that Trooper Kitts' sworn affidavit knowingly or intentionally omitted material facts, he has failed to satisfy the first prong of the two-part *Franks* test.  Defendant has also failed to produce any evidence that Trooper Kitts intended to deceive the issuing judge.

However, even assuming, *arguendo*, that Defendant had satisfied the first prong of

---

The affiant contacted Officer Vincent and did a drive by surveillance of the residence confirming the location as described as well as the vehicles in the drive.  It is noted that the affiant noticed the tires on the roof of the trailer which was the only one on the roadway that had such items on the roof. The vehicles described by Officer Vincent matched the ones present in the drive at the time of the drive by. Further, the affiant states that in the drive of the residence appeared to be a male subject which he identified as the Morris from his drivers license photograph.

At that time the affiant states that he witnessed plant matter visible through a window (third from left) which was green in color.

There is also a dog kennel on the right end of the trailer (facing from the roadway) which contained what appeared to be a pit bull dog. He further identified the residence's GPS position from the roadway.

The affiant also conducted a criminal history of Dale Robert Morris.  It was discovered that Morris is a convicted felon.  Morris has also been arrested numerous times for drug possession. Morris currently has an active warrant in the state of New Jersey. They will not extradite the subject except from surrounding states.

the *Franks* test, Defendant is still not entitled to a *Franks* hearing. In considering the four corners[2] of the affidavit, if the Court were to excise the Trooper Kitts' own observations, the affidavit was still sufficient to establish probable cause based on the personal observations of Officer Vincent that he saw marijuana inside the residence on September 7, 2005. Therefore, the statement of Trooper Kitts was not necessary for a finding of probable cause. For these reasons, Defendant has failed to establish that a *Franks* hearing is warranted on the second prong of the two-part *Franks* test.

### Conclusion

Accordingly, **IT IS ORDERED** as follows:

1. Magistrate Judge Wehrman's Report and Recommendation (Doc. # 31) be, and is hereby **adopted** as the opinion of the Court, and Defendant's motion to suppress evidence (Doc. # 21) be, and is hereby **DENIED**;

2. The time period from April 10, 2006 through the date of this Order, totaling 35 days, is deemed **excludable time** pursuant to Title 18, United States Code § 3161(h)(1)(F);

3. The Pretrial Conference on June 2, 2006 at 2:00 p.m. and Jury Trial on June 12, 2006 at 9:00 a.m. shall remain as previously set.

---

[2] *See United States v. Laughton*, 409 F.3d 744, 751 (6th Cir. 2005) (the existence of probable cause to support a warrant must be ascertained exclusively from the four corners of the underlying affidavit).

This 12th day of day of May, 2006.



G:\DATA\ORDERS\CovCrim\2006\06-14-MOO-Denying-Motion-Suppress.wpd